ORIGINAL FILED

08 AUG 19 PM 1:44

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  Thomas A. Evans (SBN 202841)
   Email: tevans@reedsmith.com
2  REED SMITH LLP
   1999 Harrison Street
3  Suite 2400
   Oakland, CA 94612-3572
4  Telephone:  +1 510 763 2000
   Facsimile:  +1 510 273 8832
5
6  Kirsten J. Daru (SBN 215346)
   Email: kdaru@reedsmith.com
7  REED SMITH LLP
   Two Embarcadero Center, Suite 2000
8  San Francisco, CA  94111-3922

9  **Mailing Address:**
   P.O. Box 7936
   San Francisco, CA  94120-7936
10

E-filing

11 Telephone:   +1 415 543 8700
   Facsimile:   +1 415 391 8269

12 Attorneys for Plaintiff Modis, Inc.

WHA

13                UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15 MODIS, INC.,                          Case No.

CV 08 3958

16                                       **COMPLAINT FOR:**
              Plaintiff,

17     vs.                               **1) BREACH FOR CONTRACT;**
                                         **2) VIOLATION OF THE UNIFORM**
18 NOAH BRADACH,                         **TRADE SECRETS ACT**

19                Defendant.

20

21

22     Plaintiff, Modis, Inc. ("Modis"), alleges as follows:

23            **Jurisdiction and Venue and Intradistrict Assignment**

24     1.     Modis is a corporation incorporated under the laws of the State of Florida with its

25 principal place of business in Jacksonville, Florida.  Modis is authorized to do business and doing

26 business in San Francisco and the East Bay Area, California with offices at 135 Main Street, Suite

27 1320, San Francisco, California 94105.

28     2.     Defendant Noah Bradach is a citizen of the State of California, is over 18 years old,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 1 –

DOCSSFO-12524694.1

1    residing in San Francisco, California.

2        3.    Modis is in the business of providing information technology ("IT") staffing to

3    businesses and entities, referred to as clients, and its San Francisco, California office does business

4    with clients located in the San Francisco and East Bay Area.  With regard to one of Modis' San

5    Francisco office clients, Modis was the sole supplier of IT consultants to a particular unit of that

6    client.

7        4.    Modis' business with aforementioned client generates revenues substantially in excess

8    of $75,000 and, therefore, Modis stands to lose business in excess of $75,000.

9        5.    Accordingly, this case is properly filed in the San Francisco Division of this Court.  In

10   addition, pursuant to 28 U.S.C. §§ 1332 and 1391, jurisdiction and venue are proper in this Court.

11                            **Facts Common To All Counts**

12       6.    In connection with its IT staffing business, Modis has spent a considerable amount of

13   time and expense in developing its clients and relationships with specific contacts at various clients,

14   and recruiting IT professionals it places at clients, called "consultants."

15       7.    Defendant Bradach was employed as a business development manager ("BDM") with

16   Modis from September 25, 2007 to June 14, 2008 to sell Modis' IT staffing services to clients and to

17   service Modis' client accounts out of Modis' San Francisco office.  On behalf of Modis, Defendant

18   Bradach was introduced to, sold IT staffing services to, and serviced, Modis accounts, earning

19   commissions on business Modis sold at to those clients during his employment with Modis.

20       8.    The universe of prospective clients for Modis' services is large, potentially consisting

21   of every institution that uses computer technology or houses an IT department.  From this vast

22   universe of potential clients, however, Modis has invested substantial time and money to identify

23   those businesses and firms that actually wish to use temporary, direct, or temporary-to-direct IT

24   personnel and to develop substantial relationships with the relevant decision makers at those clients.

25       9.    Modis has devoted substantial time and expense to identifying clients receptive to

26   Modis' services, identifying the key decision makers within those various clients, cultivating Modis'

27   client relationships with those decision makers, learning the specialized needs and preferences of

28   Modis' clients, determining how those needs match the capabilities of Modis' employees and

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

—2—

COMPLAINT FOR:  1) BREACH FOR CONTRACT; 2) VIOLATION OF THE UNIFORM TRADE SECRETS ACT

working out client-specific pricing and service arrangements.

10.     Modis has also spent substantial time and money to develop confidential information about potential candidates to serve its clients' needs and information which permits Modis to reach conclusions about which clients Modis wishes to serve and which offer the most attractive opportunities.

11.     Modis uses its BDMs, such as Defendant Bradach, to maintain its direct, day-to-day contact with Modis' clients. The BDMs spend most of their time in the market area building direct relationships with Modis' clients and working with Modis to meet client needs. In short, Modis' BDMs are the "face" of Modis to its clients. Furthermore, BDMs participate in daily office meetings where potential candidates and client job openings are discussed.

12.     Modis has invested substantial time and money in assisting BDMs in developing client and candidate relationships and confidential information to serve them. Indeed, Defendant Bradach's relationships with those clients and knowledge of their needs directly and solely arose from his position with Modis.

13.     Modis does not simply send in temporary employees when informed of a need. Rather, Modis pays its BDMs to work to understand and anticipate client and/or candidate needs and how Modis can best serve those specific needs.

14.     During and as a part of his employment with Modis, Defendant Bradach thus learned very detailed information about client needs and preferences, including knowledge about clients' hiring managers who make the decisions on using IT staffing services. The hiring managers of the clients are typically the most important client contact for Modis.

15.     Defendant Bradach also learned about the billing arrangements into which Modis or the client is willing to enter. He became familiar, for example, with the type of billing arrangements Modis would and would not offer, what margins Modis expects from various types of clients, and the conditions under which Modis would change its regular requirements.

16.     Defendant Bradach met with client contacts to learn the types of issues they were encountering in the IT area, identify growth areas within their firms or companies, and identify particular jobs that may need temporary employees.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSSFO-12524694.1

COMPLAINT FOR:  1) BREACH FOR CONTRACT; 2) VIOLATION OF THE UNIFORM TRADE SECRETS ACT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

17.    Modis invested substantial time and money in assisting Defendant Bradach and other BDMs to develop and maintain those legally unique relationships with and confidential information about certain of Modis' clients and their staffing preferences, the type of candidates with which Modis works, and Modis' strategies for developing and expanding business.  This particularized information and these substantial relationships distinguish Modis from its competitors.

18.    As a result of the unique and substantial relationship Defendant Bradach and other BDMs developed with Modis' clients, the clients divulged information about their needs and preferences that, in Modis' experience, they would not readily disclose to simply any person or vendor that contacts them through cold calls which information was placed in Modis' computer files and databases.   One of Modis' computer databases in particular, called COSMOS, contains substantial client specific information compiled at great time and expense.

19.    In addition to inputting such detailed client specific information into the COSMOS database, Defendant Bradach and other Modis personnel learned confidential information about Modis' pool of carefully screened consultants to serve the clients, which information was also placed in COSMOS and other Modis computer files.  For example, the rates Modis pays to its various consultants, the mark-up on those rates, including the flexibility Modis has to work with different clients on project-specific, or sometimes client-specific placement.  Such information also includes whether a particular candidate or consultant recently worked on a project that would result in that candidate being conflicted in or out of a particular job.

20.    Modis does not share its trade secrets and proprietary information about how it serves its clients with its competition.  It uses this information to expand client relationships and build goodwill.

21.    The COSMOS and other databases were compiled over an extensive amount of time and at significant expense to Modis.   Modis has made extensive efforts to maintain the confidentiality of such information.  These databases are housed in a secure server, all authorized users are required to enter personalized passwords to access it, and no one is permitted to use it except for serving Modis clients on behalf of Modis.

22.    The COSMOS database, together with other confidential and proprietary information is

DOCSSFO-12524694.1

COMPLAINT FOR:  1) BREACH FOR CONTRACT; 2) VIOLATION OF THE UNIFORM TRADE SECRETS ACT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  unique to Modis and gives Modis a significant competitive advantage in the marketplace.

2    23.    The proprietary financial and client information in the COSMOS database includes

3  Modis' monthly financial statements, consultants' revenues, gross margins and other costs related to

4  candidate placements, budgetary information (including budgeted and projected budgeted client and

5  prospective client development activities), and candidate and client activity tracking information

6  (including billing rates, margins, candidate identities and status, employee information, client

7  identities and the names of client contacts, decision makers, and requirements).

8    24.    Recognizing that its BDMs are Modis' key contacts with clients, candidates and

9  consultants, and that these employees possess and use Modis' valuable and confidential information,

10  these employees of Modis enter into agreements which provide that during their employment and for

11  a period of time thereafter, BDMs shall not solicit those client contacts identified in Modis' trade

12  secret COSMOS database.

13    25.    Specifically paragraph 13 of Defendant Bradach's Employment Agreement with Modis

14  provides:

> 13.  During Employee's employment with Modis and for a period of twelve (12) months thereafter, whatever the reason for Employee's termination of employment, unless Employee receives Modis' advance written waiver as described in paragraph no. 17 below, Employee shall not, either directly or indirectly, either on his or her own behalf or on behalf of another person, partnership, company, corporation or other entity, engage in or assist others in the following activities:
>
> a)  Soliciting, hiring, recruiting, or attempting to recruit, for any business which competes with Modis, any person employed or contracted with by Modis at the Modis office to which Employee is assigned, at any time during the lesser of the ninety (90) days immediately prior to Employee's termination of employment with Modis or the term of Employee's employment if less than ninety (90) days; and
>
> (b)  Soliciting, contacting, calling upon, or attempting to call upon, for any business which competes with Modis, any established or prospective Modis' client(s) Employee served or solicited while employed by Modis, or any Modis' client(s) which were served by Modis in the Market Area, at any time during the lesser of the twelve (12) months immediately prior to Employee's termination of employment with Modis or the term of Employee's employment if lesser than twelve (12) months. Employee agrees that soliciting such Modis' clients constitutes unfair competition and such restriction is

DOCSSFO-12524694.1

COMPLAINT FOR:  1) BREACH FOR CONTRACT; 2) VIOLATION OF THE UNIFORM TRADE SECRETS ACT

1  necessary to protect Modis' Confidential Information and trade
2  secrets.    In all cases, Modis reserves the right to seek court
   intervention or arbitration if Employee engages in any form of unfair
3  competition as such term is recognized by the California courts.

   c)  Employee acknowledges that Sections 13 (a) and (b) are narrowly
4  tailored to protect Modis' legitimate business interests and will not
   unreasonably restrict Employee's ability to secure gainful employment
5  in Employee's chosen occupation.

6

7  A true and accurate copy of Defendant Bradach's Employment Agreement with Modis he signed on

8  September 26, 2006 is attached as Exhibit "A".

9      26.    Furthermore, all BDMs, including Defendant Bradach, contractually agree that the

10  information described above is considered to be Modis' Confidential Information and that material

11  containing Modis' Confidential Information, defined as Modis' Property, shall not be taken from

12  Modis.    Specifically, paragraph 12 of Defendant Bradach's Employment Agreement with Modis

13  provides as follows:

14          Employee recognizes that all materials, identification cards, keys,
            computer software and hardware, manuals, data bases, client and
15          consultant lists, discs, tapes, pagers and phones and equipment Modis
            provides for Employee are the property of Modis exclusively.    All
16          items described in this and the preceding paragraph are collectively
            referred to as "Modis' Property" and Employee shall refrain from
17          taking or reproducing or allowing to be taken or reproduced any Modis
            Property except in the furtherance of Modis' Business.
18

19      27.    During his employment with Modis, Defendant Bradach was provided identity, contact

20  and other information regarding a specific hiring manager at a Modis client who, rather than

21  advertising in the industry for candidates, contracted exclusively with Modis to supply IT personnel,

22  and the identity and preferences of this particular client contact was not generally known or

23  disclosed in the industry.

24      28.    Shortly after his employment with Modis, Defendant Bradach went to work for

25  Method 360, a direct competitor of Modis.    Notwithstanding his access at Modis to the confidential

26  and proprietary trade secret information concerning the identity and preferences of the hiring

27  manager for the aforementioned Modis client, Defendant Bradach on behalf of Method 360 solicited

28  and/or called upon that hiring manager in direct breach of his obligation not to do so for a twelve

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 6 –

DOCSSFO-12524694.1

COMPLAINT FOR:  1) BREACH FOR CONTRACT; 2) VIOLATION OF THE UNIFORM TRADE SECRETS ACT

1   (12) month period.

2   ### Count I - Breach of Contract

3   29.  Modis repeats and realleges its allegations set forth in paragraphs 1 through 28 above

4   as if fully set forth herein.

5   30.  The Employment Agreement between Defendant Bradach and Modis is a valid and

6   enforceable contract, and Modis has honored its obligations under the Agreement.

7   31.  By using Modis' confidential, proprietary and trade secret information to solicit a

8   Modis client contact on behalf of a competitor, Defendant Bradach has breached, is breaching, and

9   unless enjoined, will continue to breach his obligations under the Agreement, including, in particular

10  his confidentiality and non-solicitation obligations, of that Agreement.

11  32.  Defendant Bradach's conduct has caused and stands to cause Modis substantial and

12  immediate irreparable injury, including, but not limited to, the potential loss of client and candidate

13  relationships, client and employee and candidate goodwill, and misappropriation of confidential

14  trade secrets and information. Unless enjoined, Defendant Bradach will continue to breach his

15  obligations and cause further such injury.

16  33.  As a result of these breaches, Modis has suffered or will suffer damage in an amount

17  that cannot presently be determined.

18  34.  A permanent loss of potential business cannot be adequately remedied in an action for

19  damages.

20  ### Count II - Violation of California Uniform Trade Secrets Act

21  35.  Modis repeats and realleges its allegations set forth in paragraphs 1 through 28 above

22  as if fully set forth herein.

23  36.  Upon information and belief, Defendant Bradach has misappropriated for his own use

24  and benefit the above-referenced information and materials belonging to Modis which he knew or

25  had reason to know were trade secrets of Modis.

26  37.  Defendant Bradach's actions were willful and malicious.

27  38.  As a direct result of Defendant Bradach's willful and malicious conduct, Modis has

28  suffered, and is continuing to suffer, damages.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

39.   Defendant Bradach's conduct has caused and continues to cause, irreparable harm to Modis, and will continue to do so unless enjoined by this Court.

40.   Modis has no adequate remedy at law absent an injunction, and would suffer substantially more from the denial of the injunction than Defendant Bradach would from its issuance.  The issuance of an injunction will not be contrary to the public interest.

41.   Pursuant to the California Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426 *et seq.*, Modis is entitled to recover damages for its lost profits and for Defendant Bradach's unjust enrichment attributable to his misappropriation of trade secrets, exemplary damages in twice the amount of those damages, and its attorneys' fees and costs incurred in this action.

WHEREFORE, as to all Counts, Modis respectfully requests:

I.    **A temporary restraining order, a preliminary injunction and a permanent injunction restraining and enjoining Defendant Bradach and those in active concert with him from:**

(i)  using, disclosing or converting in any manner or in any form any of Modis' confidential, proprietary or trade secret information;

(ii)  destroying, damaging or otherwise disposing of any of Modis' confidential, proprietary or trade secret information, other than by returning it immediately to Modis without retaining copies;

(iii)  soliciting any actual or prospective clients of Modis to provide IT staffing services; and

(iv)  hiding or destroying any documents or other evidence in any way concerning the allegations in this Complaint.

II.    **The following other relief:**

(i)  compensatory and exemplary damages;

(ii)  an accounting of any gain received, directly or indirectly, by Defendant Bradach by virtue of wrongful acts as described herein;

(iii)  a constructive trust for the benefit of Modis over all advantages of any type received by Defendant Bradach by virtue of wrongful acts described herein;

DOCSSFO-12524694.1

COMPLAINT FOR:  1) BREACH FOR CONTRACT; 2) VIOLATION OF THE UNIFORM TRADE SECRETS ACT

(iv) attorneys' fees and costs; and

(v) such other and further relief as this Court may deem proper.

DATED:  August 19, 2008.

REED SMITH LLP

By _____

Thomas A. Evans
Kirsten J. Daru
Attorneys for Plaintiff Modis, Inc.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DOCSSFO-12524694.1

COMPLAINT FOR:  1) BREACH FOR CONTRACT; 2) VIOLATION OF THE UNIFORM TRADE SECRETS ACT